IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ESTATE OF CHARLES WASDEN, by and through Executrix Myrtlean Wasden, and MYRTLEAN WASDEN, individually as the beneficiary of the insurance policy referenced herein,** )<br><br>)<br>)<br>)<br>)<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**CITIZENS COMMUNICATIONS d/b/a FRONTIER COMMUNICATIONS and/or FRONTIER CORPORATION, successor corporation to Monroeville Telephone Company, Inc., f/d/b Monroe Telephone Company, et al,** )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>**Defendants.** ) | **CIVIL ACTION NO. 13-0002-KD-B** |

## ORDER

This action is before the Court on the report and recommendation of the Magistrate Judge (doc. 56) and the objections filed by Plaintiffs Estate of Charles Wasden, by and through Executrix Myrtlean Wasden, and Myrtlean Wasden, individually (doc. 64-66). The Plaintiffs fail to make any viable argument that the benefit sought is not governed by the Employee Retirement Income Security Act (ERISA). Title 29 U.S.C. § 1002(1) provides that ERISA governs "any plan, fund or program . . . established or maintained by an employer" to provide benefits to an employee through an insurance policy. The March 4, 1998 letter which forms the basis of Plaintiffs' claims clearly refers to an ERISA-governed benefit. The fact that the underlying terms of the Plan are in dispute, or perhaps unknown, does not change the fact that it is an employer provided insurance benefit which is governed by ERISA.

Accordingly, after due and proper consideration of all portions of this file deemed

relevant to the issues raised, and a *de novo* determination of those portions of the Report and Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is ADOPTED[1] as the opinion of this Court. Therefore, it is ORDERED that

1) Plaintiffs' motion to remand (doc. 27) is DENIED;

2) Defendants Citizens Communications and Prudential Insurance Company's motions to dismiss (docs. 13, 23) are GRANTED and Plaintiffs' state law claims are dismissed;

3) Defendants Citizens Communications and Lincoln National Life Insurance Company's motions to strike Plaintiffs' claim for extra-contractual damages and demand for a jury trial (docs. 17, 23) are GRANTED; and

4) Defendant Lincoln's motion to dismiss (doc. 17) for failure to state a claim is now MOOT because Lincoln has been dismissed without prejudice from this action by separate order pursuant to the notice of dismissal (doc. 69).

Done and ordered this the 5th day of June 2013.

s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE

---

[1] The undersigned does not adopt the report and recommendation to the extent that it could be interpreted as making any finding that the July 1991 letter provides for the terms of the plan or policy referenced in the March 1998 letter.