IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ESTATE OF CHARLES WASDEN, by and )
through Executrix Myrtlean Wasden, and )
MYRTLEAN WASDEN, individually as the )
beneficiary of the insurance policy )
referenced herein, )
)
    Plaintiff, )
)
vs. )   CIVIL ACTION NO. 13-0002-KD-B
)
CITIZENS COMMUNICATIONS, et al, )
)
    Defendants. )

## ORDER

This action is before the Court on the motion for leave to amend complaint filed by plaintiffs Estate of Charles Wasden and Myrtlean Wasden individually (doc. 77), defendant Frontier Communications Corporation's response in opposition and plaintiffs' reply (docs. 77, 84, 86).[1] Upon consideration and for the reasons set forth herein, the motion for leave to amend is GRANTED.

Plaintiffs move the Court for leave to amend their complaint to add the Principal Financial Group and the Principal Life Insurance Company as defendants and to add Counts Two and Three. Plaintiffs' proposed amended complaint contains Count One for "Recovery of Benefits and Enforcement of Rights Under ERISA Pension Benefit Plan 29 USC § 1132(a)(1)(B)", Count Two for a "204(g) Anti-Cutback Clam (29 USC § 1054)", and Count Three for "Wrongful Withholding of Plan Documents (29 USC § 1024)" against all defendants.

The Federal Rules state, in relevant part, that "a party may amend its pleading only with

---

[1] Plaintiffs' motion for leave to file a response is GRANTED (doc. 85).

the opposing party's written consent or the court's leave" and that the "court should freely give leave when justice so requires." Fed. R. Civ. P. Rule 15(a)(2). Defendant Prudential Insurance Company of America has not given its written consent. Defendant Citizens Communications Corporation has filed an opposition to plaintiffs' motion (doc. 84). Therefore, the Court must determine whether justice requires granting plaintiffs leave to amend their complaint. Generally, in the absence of any reason to deny the motion, such as undue prejudice to the non-movant, undue delay, bad faith or dilatory motive, or repeated failure to cure deficiencies on the part of the movant, or futility, leave to amend should be freely given when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). Overall, "there must be a substantial reason to deny a motion to amend." *Laurie v. Ala. Ct. of Crim.App.*, 256 F.3d 1266, 1274 (11th Cir.2001).

Although plaintiffs had knowledge of the 1991 letter from Prudential Mutual Life Insurance Group as early as February 2013 and did not file their motion until the last day possible under the terms of the Scheduling Order, the Court finds that the interests of justice weigh in favor of allowing the amendment. *See Borden, Inc. v. Florida East Coast Ry. Co.,* 772 F.2d 750, 757 (11th Cir. 1985) ("There is a strong policy embodied in the Federal Rules of Civil Procedure, and Rule 15 particularly, favoring the liberality of amendment."); *Dussouy v. Gulf Coast Investment Co.*, 660 F.2d 594, 597 (5th Cir. 1981) ("The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading.").

Done and ordered this the 11th day of October 2013.

                                        s/ Kristi K. DuBose
                                        KRISTI K. DuBOSE
                                        UNITED STATES DISTRICT JUDGE