IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ESTATE OF CHARLES WASDEN, by through Executrix MYRTLEAN WASDEN and MYRTLEAN WASDEN, individually, | * * * * * | |
| Plaintiffs, | * * | |
| vs. | * * | CIVIL NO. 13-00002-KD-B |
| CITIZENS COMMUNICATIONS d/b/a FRONTIER COMMUNICATIONS and/or FRONTIER CORPORATION, *et al.*, | * * * * | |
| Defendants. | * | |

## AMENDED REPORT AND RECOMMENDATION

This action is before the Court on Defendants Prudential Insurance Company of America's (hereinafter "Prudential") and Principle Financial Group and Principle Life Insurance Company's (hereinafter "the Principle defendants") Motions to Dismiss Plaintiff's Amended Complaint (Docs. 92, 99). The motions, which have all been fully briefed and are ripe for resolution, have been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(3).

Upon consideration of all matters presented, the undersigned RECOMMENDS, for the reasons stated herein, that Prudential's motion to dismiss (Doc. 92) be **GRANTED** and that the Principle defendant's motion to dismiss (Doc. 99) be **GRANTED**.

**A. Background**

This is the second round of motions seeking the dismissal of this action in which Plaintiff Myrtlean Wasden seeks to collect life insurance benefits that she contends is owing as a result of the death of her husband, Charles Wasden. A full discussion of the facts surrounding this controversy are set forth in the Court's prior order; thus, the facts herein are abbreviated. Myrtlean Wasden, as the as the Executrix of the Estate of Charles Wasden, and as a beneficiary under his life insurance policy, alleges that her late husband, Charles Wasden, was a key employee of Monroeville Telephone Company Inc. for thirty-five years, and that his employer provided him a $90,000 life insurance policy in recognition of his lengthy service to the Company and upon his death, his employer's successors Citizens Communications d/b/a Frontier Communications and/or Frontier Corporation (collectively referred to as "Frontier") failed to pay her insurance claim. (Doc. 1-1). In her amended complaint, Plaintiff has named as Defendants Frontier, Principle Insurance Company, and Prudential Insurance Company. (Doc. 78). According to Wasden, Frontier provided her late husband, Charles Wasden, a $90,000 death benefit in recognition of his contribution of thirty-five (35) years of service to Monroeville Telephone Company. Wasden asserts that the terms of the life insurance policy were confirmed to Charles Wasden in a letter

2

that was dated March 4, 1998 and was written on "Frontier letterhead." The letter reads in pertinent part as follows:

> Dear Charles Wasden:
>
> Our records show that as a retiree of Frontier Corporation you have $90,000 of term life insurance which will continue for your lifetime.

(Doc. 78-1).

According to the amended complaint, Charles Wasden relied on the policy in planning for his family's future, and Defendants or their predecessors never notified him of any change in the policy or benefits. Charles Wasden died on June 14, 2011 and subsequent thereto, Plaintiff submitted a claim for payment of the $90,000 death benefit. (Doc. 78 at 4). Plaintiff alleges that Defendants advised her that Charles Wasden had "$10,000" in coverage pursuant to a Prudential policy as opposed "90,000". Plaintiff further alleges that during subsequent discussions with Frontier officials, Frontier asserted that "only a $10,000 death benefit applied to Wasden" and that the March 4, 1998 letter that referenced a $90,000 policy may have been correct in 1998, but it was no longer effective and did not form the basis of Charles Wasden's life insurance coverage. (Doc. 78 at 5). Wasden asserts that she "appealed the denial of her claim for $90,000 in benefits and (without waiver) exhausted applicable administrative remedies." (Id.). According to

3

Wasden, despite her requests for the governing documentation, Defendants wrongfully, negligently and/or intentionally withheld documents related to the policy at issue, including a July 26, 1991 letter from Defendant Principal that purportedly memorialized the terms of the policy/plan at issue. (Id.). Wasden further contends that they were not notified of any purported change to the policy/plan or benefits by Defendants or their successors or predecessors subsequent to the March 4, 1998 letter memorializing the $90,000 policy. Additionally, Wasden asserts that the benefit memorialized in the March 4, 1998 letter, namely the $90,000 policy, had accrued to Charles Wasden during his lifetime, and that to date, Defendants have not unequivocally admitted or confirmed the insurer of the $90,000 policy.

In count one of the amended complaint, Wasden asserts that her claims do not arise under ERISA, and in the alternative, she seeks to recover benefits and enforce her rights under ERISA pursuant to 29 U.S.C. § 1132(a)(1)(B). According to Wasden, she had been denied the proceeds of the life insurance policy/plan, and Defendants have breached "union fiduciary duties" owed her. (Doc. 78 at 6). In count two of her amended complaint, Wasden asserts that the life insurance benefit at issue is an accrued benefit; thus, any purported amendments are void or inapplicable pursuant to 29 U.S.C. 1054's Anti-Cutback provision. (Id., at

4

7). Wasden asserts, in count three of her amended complaint that Defendants have wrongfully withheld plan documents from her in violation of 29 U.S.C. § 1024.

As noted *supra*, pending before the Court is Defendants Prudential and the Principle Defendants' respective motions seeking the dismissal of Plaintiffs' claims. (Docs. 92, 93, 99). In their motions, Prudential and the Principle Defendants contend that Wasden's claims should be dismissed for failure to state a claim. Specifically Defendants Prudential and the Principle Defendants assert that Wasden's claim for benefits should be dismissed because she failed to exhaust her administrative remedies with respect to the claims against them, and that her anti-cutback claim should be dismissed because the life insurance claim at issue does not concern pension benefits. In addition, Principle argues that even if Wasden's failure to exhaust is excused, Charles Wasden's policy with Principle expired over ten years prior to his death; thus, Wasden's claim for benefits should be dismissed as a matter of law. Finally, the Principle Defendants and Prudential also argue that Wasden's claim regarding the wrongful withholding of documents should be dismissed because Wasden has failed to allege that she filed written requests for documents.

In response, Wasden asserts that she did not exhaust her administrative remedies with respect to the $10,000 Prudential

policy because doing so would have prejudiced her claim for $90,000 against Frontier. (Doc. 106). She requests that the court excuse her failure to exhaust and argues that doing so would have been futile. Wasden concedes that claim for the wrongful withholding of documents is "solely against the Frontier entity Defendants in this matter." (Id., at 3, fn.1).

With respect to the Principle Defendants, Wasden contends that she did not exhaust her remedies with Principle because Defendant Frontier withheld documents concerning the Principle policy, and as a result, she was unaware of Principle's involvement until *after* she filed the instant lawsuit. (Doc. 107). Wasden argues that Frontier's letter informed her that the administrative process was complete regarding the $90,000 policy and that a "reasonable plan participant" would have believed that the process was complete. (Id., at 11). Wasden requests a temporary stay of her claims against Principle to allow proper exhaustion should the Court determine she failed to properly exhaust her administrative remedies against Principle. (Id.). Wasden further contends that the death benefit at issue is an accrued benefit for purposes of ERISA because it is a "retirement-type" benefit based on Frontier's 1998 letter that states the life insurance policy was being conferred upon Charles Wasden "as a retiree..." (Doc. 78-1). Thus, Wasden argues that Frontier's characterization of the benefit supports

her anti-cutback claim. (Doc. 107 at 13).

   B. **Legal Standard**

   In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court accepts the non-moving party's factual allegations as true. Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). Moreover, the rules of pleading require only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), the Supreme Court explained that while a complaint attacked by a Rule 12(b)(6) motion need not contain detailed factual allegations in order to withstand attack, the complaint must however contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. Id. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." Bell Atl. Corp. V. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Typically, a court reviewing a motion to dismiss under rule 12(b)(6) is limited to the four corners of the complaint. See Bickley v. Caremark RX, Inc., 461 F.3d 1325, 1329 n. 7 (11th Cir. 2006). "If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under [Fed. R. Civ. P.] 56." Fed. R. Civ. P. 12(d). However, a district court may consider documents attached to a motion to dismiss without converting the motion into a motion for summary judgment where, as here, the documents are central to the plaintiff's claim and their authenticity is not challenged. Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005); Jordan v. Miami-Dade County, 439 F. Supp.2d 1237, 1240 (S.D. Fla. 2006). The parties have, without any objections, submitted various insurance related correspondences exchanged between the parties and the undersigned has reviewed and considered these documents because they are clearly central to Plaintiff's claims and no party has challenged their authenticity.

**C. Analysis**

**a. Exhaustion**

As discussed *supra*, Prudential and the Principle Defendants contend that Wasden's complaint should be dismissed because she failed to exhaust their administrative remedies prior to filing the instant suit. Although the text of ERISA is silent on the

matter, the Eleventh Circuit Court of Appeals requires that a plaintiff exhaust her available administrative remedies before bringing ERISA claims in federal court. Mason v. Continental Group, Inc., 763 F.2d 1219, 1227 (11th Cir. 1985); Counts v. American General Life and Acc. Ins. Co., 111 F.3d 105, 108 (11th Cir. 1997); Springer v. Wal-Mart Associates' Group Health Plan, 908 F.2d 897, 899 (11th Cir. 1990). The Eleventh Circuit applies this rule to claims for benefits as well as claims for statutory violations of ERISA. Bickley, 461 F.3d at 1328. Courts may however dispense with the exhaustion requirement "when resort to administrative remedies would be futile or the remedy inadequate", Counts, 111 F.3d at 108, or where a claimant is denied "meaningful access" to the administrative review scheme. Curry v. Contract Fabricators, Inc. Profit Sharing Plan, 891 F.2d 842, 846-47 (11th Cir. 1990) (quotation omitted), abrogated on other grounds by Murphy v. Reliance Standard Life Ins. Co., 247 F.3d 1313, 1314 (11th Cir. 2001). The decision to dispense with the exhaustion requirement is within the sound discretion of the district court. McPhillips v. Blue Cross Blue Shield of Ala., 2010 U.S. Dist. LEXIS 100890, at *11, 2010 WL 3833950, at *4 (M.D. Ala. Sept. 23, 2010); Counts, 111 F.3d at 108; Curry, 891 F.2d at 846. In Curry, the court excused the exhaustion requirement because the plan administrator failed to produce plan documents pursuant to the plaintiff's request. In

9

excusing the exhaustion requirement, the court observed that "when a plan administrator in control of the available review procedures denies a claimant meaningful access to those procedures, the district court has discretion not to require exhaustion." Id., 891 F.2d at 846-47.

The undersigned finds, in viewing the facts in the light most favorable to Wasden, that she made a good faith effort to exhaust her administrative remedies with respect to the $90,000 life insurance policy. Wasden has alleged and has produced a November 16, 2011 letter, the authenticity of which has not been challenged, which reflects that Wasden's attorney contacted Frontier to appeal the denial of her claim for the $90,000 life insurance policy. Frontier advised that it had terminated the policy at issue, and replaced it with a $10,000 policy, which was the only policy in existence at the time of Charles Wasden's death. (Doc. 107-4). In the letter, Wasden was advised that her appeal challenging the denial of benefits under the $90,000 policy was denied, and that:

> As provided under ERISA, you have the right to bring a civil action under ERISA Section 502(a) now that the administrative procedures for claims and appeals have been exhausted.

(Doc. 107-4 at 3).

Based on the language in the November 16th letter, the undersigned finds that Wasden was lead to believe that she had

10

done all that was necessary to exhaust her administrative remedies with respect to the $90,000 policy[1]. Watts v. BellSouth Telecomms., Inc., 316 F.3d 1203, 1204 (11th Cir. 2003). (exhaustion requirement excused where the plaintiff "reasonably interpreted [language] as meaning that she could go straight to court with her claim."). While Defendant Prudential contends that Wasden has not exhausted her remedies with respect to the $10,000 policy issued by Prudential, Wasden has not made a claim for the $10,000 policy in this action. Instead, she is seeking to recover under the $90,000 life insurance policy that was provided to Charles Wasden per the March 4, 1998 letter from Frontier Corporation. (Doc. 78 at 4). Accordingly, the undersigned finds that Defendants' contention that Wasden failed to exhaust her administrative remedies must fail.

In addition, the record reflects that while Frontier cautioned Plaintiffs of the necessity to exhaust remedies with Prudential before filing suit Frontier never mentioned the Principle defendants when confirming that Plaintiffs' had the "right to bring a civil action under ERISA Section 502(a) now

---

[1] Further, the record before the Court reflects that Wasden was unaware, prior to filing the instant lawsuit that the $90,000 life insurance policy for Charles Wasden was issued through Principle. In fact, in filing her claim for benefits under the $90,000 policy, Wasden requested all documents relating to Frontier's assessment of the claim and Frontier did not put Wasden on notice or provide her with any information that would have enabled her to determine, that Defendant Principle issued the $90,000 policy.

11

that the administrative procedures for claims and appeals have been exhausted." (Doc. 107-4, at 3). Thus, it stands to reason that Plaintiffs reasonably relied on Frontier's assertion that their claim for the $90,000 in benefits was fully exhausted and that Plaintiffs were entitled to sue to recoup the $90,000 in benefits. Accordingly, the Court finds that Plaintiffs reasonably relied on Frontier's assertion that they had properly exhausted their administrative remedies regarding the $90,000 policy. Watts, 316 F.3d at 1204.

### b. Sufficiency of Allegations

In addition to exhausting her administrative remedies, Wasden is also required to plead sufficient facts to state a claim against each Defendant named in her lawsuit. Twombly, 550 U.S. at 570. Both Prudential and the Principle Defendants contend that Wasden's claims are due to be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Docs. 92, 92). Upon a review of the record, the Court agrees.

As noted *supra*, Wasden alleges, in her amended complaint, in 1998, Frontier provided a letter to Charles Wasden confirming that Charles Wasden had a $90,000 term life policy, which would extend throughout his lifetime. (Doc. 78 at 4). Wasden further contends that upon Charles Wasden's death, Wasden, as his beneficiary under the policy, submitted a claim to Frontier for

12

the $90,000 in benefits, and that said claim was denied by Frontier. According to Wasden, in the denial letter, Frontier informed her that in 2007, the $90,000 policy was replaced with a $10,000 policy issued through Prudential. Wasden further asserts that post litigation, she discovered that the Principle Defendants had issued the $90,000 policy. Wasden contends that the $90,000 Principle policy was wrongfully replaced by the $10,000 Prudential policy and, in doing so, "Defendants breached union fiduciary duties owed to Plaintiffs." (Doc. 78, 6).

Taking Wasden's assertions as true, they are insufficient to hold the insurers, Prudential and Principle, liable for recovery of the benefits and violation of ERISA's anti-cutback provision. At best, Wasden's assertions establish that Prudential and Principle merely served as the administrators of insurance policies that Charles Wasden was provided through his employer, Frontier. The facts, as alleged by Wasden, further establish that Frontier, as Charles Wasden's employer, replaced the $90,000 Principle policy with the $10,000 Prudential policy. Thus, taking Wasden's assertion as true, they establish that the insurers merely issued the insurance policies at the direction of Frontier and, at the points at which Frontier altered their policies, the insurers adjusted the policies according to Frontier's directions and the premiums paid by Frontier. Thus, Wasden has failed to provide sufficient facts to establish that

Prudential or Principle wrongfully withheld benefits under the $90,000 Principle policy. Instead, a plain reading of the Principle letter dated July 25, 1991, the authenticity of which has not been challenged, clearly reflects that the life benefits under the $90,000 Principle policy would reduce to $67,500 on February 10, 1996, and further reduce to zero on February 10, 2001. (Doc. 107-5). In light of these facts, Wasden cannot state a claim against Principle for wrongfully withholding benefits under the $90,000 policy. Additionally, with respect to Defendant Prudential, Wasden does not allege, and there is no evidence that Defendant Prudential played any role in the issuance of the $90,000 policy. As such, Wasden's assertions are insufficient to support a claim against the insurers, Prudential and Principle, for the wrongful denial of benefits or for breach of fiduciary duties. See generally Curtiss-Wright Corp. v. Schoonejongen, 514 U.S. 73, 78, 131 L. Ed. 2d 94, 115 S. Ct. 1223 (1995); see also Varity Corp. v. Howe, 516 U.S. 489, 529, 116 S. Ct. 1065, 134 L. Ed. 2d 130 (1996). Accordingly, these claims must fail.

Wasden's assertions are also not sufficient to support a claim for violation of ERISA's anti-cutback provisions. ERISA provides elaborate requirements for the vesting of pension benefits, but it does not provide automatic vesting of welfare benefits. UAW, Local No. 1697 v. Skinner Engine Co., 188 F.3d

130, 137-38 (3d Cir. 1999). An accrued pension benefit is protected by ERISA's anti-cutback provision without any showing that it has vested. See 29 U.S.C. § 1054(g) (anti-cutback provision); In re Fruehauf Trailer Corp., 444 F.3d 203, 212 (3d Cir. 2006) ("Under ERISA's 'anti-cutback' provision, benefits accrued in a qualified plan are irrevocable; an administrator or sponsor may not decrease them once they are granted."). In contrast, a welfare benefit is protected from elimination only if the plaintiff proves, by a preponderance of the evidence, that the plan provider intended the welfare benefit to be vested (despite not being obliged to do so by ERISA). See Skinner, 188 F.3d at 138-39. The undersigned finds that regardless of whether the $90,000 policy is classified as a pension benefit or an employee welfare benefit, Wasden has not established any basis for liability against neither Prudential nor Principle. Wasden has proffered no facts that even suggest let alone establish that Prudential or Principle played any decision-making role with respect to the type or amount of benefits provided by Frontier employees such as Charles Wasden. Given the complete absence of any facts suggesting the involvement by Prudential or Principle in the decision to alter the employee benefits provided to Charles Wasden by Frontier, Wasden has failed to state an anti-cutback claim against Prudential or the Principle Defendants.

In count thee, Plaintiff asserts a claim against the defendants for wrongful withholding of plan documents in violation of 29 U.S.C. § 1132(c). While ERISA provides a cause of action to a plan participant or beneficiary who requested but did not receive documents a Plan Administrator is required to produce, see Id.; 29 USC § 1024(b)(4) (requiring a plan administrator to provide certain documents within 30 days of a written request by a plan participant or beneficiary), Plaintiffs have not alleged that they ever made a written request to Prudential or the Principle Defendants for plan documents. Taking the facts in the light most favorable to Plaintiff, without this basic factual allegation, Plaintiffs cannot recover a penalty under 29 U.S.C. § 1132(c).

Furthermore, as outlined *supra*, Plaintiffs concede that their wrongful withholding of documents claim in count three is "solely against the Frontier entity Defendants in this matter." (Doc. 106, at 3, fn.1). As such, Plaintiffs' wrongful withholding of document claims against Prudential and the Principle Defendants are due to be dismissed.

In sum, the undersigned finds that Wasden has failed to state a claim against Prudential or the Principle Defendants; thus, Wasden's claims against these Defendants are due to be dismissed for failure to state a claim.

**Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**C. Conclusion**

For the reasons set forth above, the undersigned recommends that Defendants Prudential and the Principle Defendants' motions to dismiss (Docs. 92, 99) be **GRANTED** for failure to state a claim.

**DONE** this **14th** day of **March, 2014.**

                                                **/s/ SONJA F. BIVINS**
                                         **UNITED STATES MAGISTRATE JUDGE**